## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

_____
)
FERNANDO ZEVALLOS GONZALEZ )
)
*Plaintiff,* )
)
v. )              CIV. NO. _____
)
BARACK H. OBAMA, )
in his official capacity as )
President of the United States, )              **COMPLAINT**
)
*Defendant* )
And )
)
JACOB J. LEW )
in his official capacity as )
Secretary of the Department of the Treasury )
)              **ECF Case**
*Defendant,* )
)
And )
)
THE UNITED STATES DEPARTMENT )
OF THE TREASURY, OFFICE OF FOREIGN )
ASSETS CONTROL )
)
*Defendant.* )
)
_____ )

## COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF IN THE NATURE OF MANDAMUS

Plaintiff, Fernando Zevallos Gonzalez hereby files his complaint against Defendants Office

of Foreign Assets Control ("OFAC"), United States Department of the Treasury and Secretary of

the Treasury Jacob J. Lew, and petitions this Court to issue a Declaratory Judgment or,

alternatively, a Writ of Mandamus requiring OFAC to take immediate action with respect to Mr.

Zevallos' request: 1. That he be removed from the Specially Designated Nationals and Blocked

Persons List ("SDN List") or in the alternative, 2. That OFAC specify additional information required in order for OFAC to issue a decision with respect to Mr. Zevallos' status on the SDN List.

## NATURE OF THE CASE

1.      On June 1, 2004, pursuant to the Foreign Narcotics Kingpin Designation Act, 21 U.S.C. §§ 1901 *et. seq.*, President Bush designated Mr. Zevallos as a "Significant Foreign Narcotics Trafficker."  The same day, OFAC issued a blocking notice against IAC International, Inc. ("IAC"), an entity owned by Mr. Zevallos.

2.      Prior to his designation, Mr. Zevallos was living and working in the United States as a lawful permanent resident for ten (10) years.  At the time of his designation, Mr. Zevallos was engaged in lawful commercial activity, including the operation of IAC, a corporation organized under the state laws of Florida.  Mr. Zevallos has suffered reputational harm, and more importantly, the designation as Significant Foreign Narcotics Trafficker has led to criminal charges in Peru as well as in the Southern District of Florida.

3.      Despite the substantial harm that has resulted due to his designation, Mr. Zevallos' repeated attempts to resolve the matter administratively have been met with unreasonable delay and failure to act by the United States Department of the Treasury.  Mr. Zevallos has not been afforded an administrative remedy to contest his designation, and has continued to suffer as a result.

4.      Through this action, Mr. Zevallos seeks to remove the designation and blocking notice and all resulting sanctions, or in the alternative, cause OFAC to request the information needed in order to remove Mr. Zevallos from the SDN List, because the government has violated his rights under the United States Constitution and the Administrative Procedure Act.

**JURISDICTION AND VENUE**

5.       This Court has jurisdiction over this action pursuant to 21 U.S.C. §§ 1901-1908; 28 U.S.C.

§ 1331 (Federal Question); 5 U.S.C. §§ 706(1), 551 and 555(e) of the Administrative Procedure

Act; and 28 U.S.C. §§ 2201(a), 2202 of the Declaratory Judgment Act.

6.       Venue is proper in the District of Columbia pursuant to 28 U.S.C. § 1391(b) and (e), and 5

U.S.C. § 703.

**PARTIES**

7.       Plaintiff Zevallos is a former lawful U.S. permanent resident currently located in Peru

(Alien Registration Number A073779988).  Mr. Zevallos first came to the United States in 1989

and received lawful permanent residency status in 1994.  As a lawful permanent resident, Mr.

Zevallos developed and maintains to this day substantial connections in the U.S.  He was

previously married to a U.S. citizen, and has seven children, all of which are U.S. citizens.  Mr.

Zevallos resided in the U.S. for ten (10) years, during which time he developed and maintained

companies in the U.S. as well as bank accounts.  Mr. Zevallos was a lawful permanent resident at

the time of his designation.  Attached as Exhibit A hereto is a declaration of the Plaintiff.

8.       On or about June 1, 2004, OFAC placed Mr. Zevallos' name on the SDN List pursuant to

the Foreign Narcotics Kingpin Designation Act.  The placement of Mr. Zevallos' name on the

OFAC SDN List is without any reasonable basis or legal cause.  Attached as Exhibit B hereto is a

true and accurate copy of the Specially Designated Nationals List containing Mr. Zevallos' name.[1]

9.       Defendant Office of Foreign Assets Control ("OFAC") is a United States federal

administrative agency located at the U.S. Department of the Treasury, 1500 Pennsylvania Ave.,

---

[1] Counsel has not provided the entire SDN List because the List is over 500 pages. Counsel has provided the specific page where Mr. Zevallos' name appears.

NW, Annex, Washington, DC 20220.  Plaintiff is informed and believes thereon alleges that OFAC is responsible for making decisions regarding placing persons on, and removing persons from, the SDN List under the Foreign Narcotics Kingpin Designation Act.

10.     Defendant United States Department of the Treasury is responsible for the financial and economic security of the United States.  The Department of Treasury is also responsible for overseeing various offices including OFAC.

11.     Defendant Jacob J. Lew is the Secretary of the Treasury of the United States. Mr. Lew is sued in his official capacity.

## BACKGROUND AND FACTS

12.     On June 1, 2004, the President of the United States designated Fernando Zevallos Gonzalez as a "Significant Foreign Narcotics Trafficker."  Property of Mr. Zevallos was also blocked on the same date by Blocking Notice FAC No. SDNT-225553.  Attached as Exhibit C hereto is the Blocking Notice against IAC International, Inc., an entity "owned or controlled" by Mr. Zevallos.

13.     Mr. Zevallos was not notified that the President or OFAC were considering implementing the designation and blockings before they occurred.

14.     On August 9, 2012, Ferrari & Associates, P.C. (formerly Ferrari Legal, P.C.) ("Ferrari & Associates") submitted a request to OFAC to receive payment for legal services on behalf of Mr. Zevallos, as required by the Code of Federal Regulations, 31 C.F.R. §§ 501.801, 598.507.

15.     Over four (4) months later, on December 21, 2012, Ferrari & Associates received a specific license from OFAC to receive payment for legal services on behalf of Mr. Zevallos in matters relating to his designation and blocked property.

16.     On November 24, 2004, Mr. Zevallos submitted a written request to OFAC asking to inspect and copy the record on which the designation and blockings were made.

17.     On December 23, 2004, without having received the information requested or any other response from OFAC, a detailed submission was made to OFAC with several hundred pages of supporting evidence establishing that Mr. Zevallos has never been a narcotics trafficker and that there was no factual or legal basis to designate him a "Significant Foreign Narcotics Trafficker." Copies of the submission were also provided to the President of the United States, and the Department of Justice.

18.     The submission sought removal of the designation of Mr. Zevallos as a "Significant Foreign Narcotics Trafficker," as well as rescission of all blocking notices and other sanctions against Mr. Zevallos.

19.     For approximately two months following the date of submission, OFAC was contacted on numerous occasions and information was requested as to the administrative process for reviewing the submitted materials and reconsideration.  OFAC did not provide any information regarding the administrative process that was available.

20.     On February 15, 2005, a trial attorney in the Civil Programs Branch of the Department of Justice notified Mr. Zevallos by letter that she would serve as the government point of contact during the reconsideration process.

21.     Repeated requests were made in efforts to obtain documents and evidence relied upon by the DOJ regarding the legal basis for his designation.

22.     On June 27, 2005, ten (10) months after Mr. Zevallos submitted his initial request to review the record, the DOJ provided a copy of "non-sensitive" and "non-privileged" materials.  The materials failed to establish a foundation to designate Mr. Zevallos as a "Significant Foreign Narcotics Trafficker."

23.     On September 16, 2005, the DOJ released additional materials to Mr. Zevallos.  Again, these materials did not establish that Mr. Zevallos qualifies for designation as a "Significant Foreign Narcotics Trafficker."

24.     Based on the materials provided to Mr. Zevallos, supplemental arguments were submitted on October 17, 2005, to reiterate that Mr. Zevallos' designation as a "Significant Foreign Narcotics Trafficker" should be rescinded.  OFAC offered no response.

25.     In November 2005, a Peruvian court charged Mr. Zevallos with money laundering and drug trafficking offenses.

26.     On December 19, 2005, Mr. Zevallos was found guilty of all charges and sentenced to twenty years in prison.  Mr. Zevallos vehemently contested the accusations against him and continues to do so.  Since his conviction, Mr. Zevallos has also continued to contest his designation in the U.S. as a "Significant Foreign Narcotics Trafficker" while serving his sentence in Peru.

27.     On July 27, 2007, Mr. Zevallos was indicted in the Southern District of Florida for alleged violations of international narcotics trafficking money laundering.  Mr. Zevallos sought extradition to the United States under the U.S. and Peruvian Extradition Treaty, but was denied.  Mr. Zevallos continues to contest the criminal charges against him in the U.S.

28.     After failing to hear from OFAC for several years, Mr. Zevallos submitted another request to OFAC to reconsider his designation on July 8, 2009.  The request to reexamine his designation was also sent to the President of the United States Barack Obama; now former Secretary of State Hillary Rodham Clinton; Attorney General Eric Holder; now former Secretary of the Treasury Timothy Geithner; Director of OFAC Adam J. Szubin; Chairman of the Senate Judiciary Committee Patrick Leahy; Loretta King at the Department of Justice Civil Rights Division; now

former Director of the Central Intelligence Agency Leon E. Panetta; and Executive Director of the American Civil Liberties Union of Florida Howard Simon.

29.     On October 2, 2009, in response to Mr. Zevallos' letter, and more than five years after OFAC had designated Mr. Zevallos, the Office of Global Targeting served Mr. Zevallos with a request seeking information and documents concerning Mr. Zevallos' personal identifying information, current employment, employment and associations with SDNs, shared accounts and assets, U.S. accounts and assets, property interests, travel to the U.S., and any additional information.

30.     Mr. Zevallos issued a prompt response by submitting the information one month later on November 2, 2009.

31.     OFAC failed to acknowledge or confirm receipt of Mr. Zevallos' submission.  On several occasions, Mr. Zevallos attempted to contact OFAC by telephone to determine the status of his case, but was wholly unsuccessful.

32.     Mr. Zevallos made repeated attempts to determine the status of his case by sending letters to OFAC on May 15, 2010 and February 15, 2011.

33.     On October 17, 2012, over eight (8) years after his original designation, undersigned counsel submitted a final letter to OFAC on behalf of Mr. Zevallos, demanding that OFAC render a decision regarding the designation of Mr. Zevallos.  Attached as Exhibit D hereto is a copy of the letter sent to OFAC on October 17, 2012.

34.     On November 20, 2012, OFAC responded by acknowledging receipt of the October 17 letter.   In its acknowledgment, OFAC stated that "Mr. Zevallos' petition is currently being reviewed."  No indication of when Mr. Zevallos could expect a decision was given.  Attached as Exhibit E hereto is a copy of the acknowledgement from OFAC, dated November 20, 2012.

35.     The placement of Mr. Zevallos on the SDN List and his designation as a "blocked person" has no basis, as evidenced by the "non-sensitive" and "non-privileged" materials already provided to Mr. Zevallos by the DOJ in 2005.  Further, Mr. Zevallos has submitted numerous documents and copious information to establish that he maintains absolutely no ties with drug trafficking individuals and/or organizations.  Therefore, Mr. Zevallos does not "threaten the national security, foreign policy, and economy of the United States."

36.     The designation of Mr. Zevallos as a "Significant Foreign Narcotics Trafficker" has stigmatized Mr. Zevallos and destroyed his reputation.  The designation by the U.S. Government led to criminal charges in Peru, in which Mr. Zevallos was convicted and is now serving time in Peruvian prison.  The designation also led to criminal charges in the United States, which Mr. Zevallos has attempted to appear for, but been denied.  The designation has also destroyed any ability of Mr. Zevallos to pursue legitimate business activities once he is released from prison.

37.     The designation as a "Significant Foreign Narcotics Trafficker" has deprived Mr. Zevallos of his property and his interests in property.  The financial harm to Mr. Zevallos includes the freezing of his bank accounts in the U.S. and the loss of income from legitimate business activities including IAC.  Mr. Zevallos has also been precluded from engaging in financial transactions with numerous financial institutions and businesses in the U.S., Peru, and throughout the world.

38.     The Defendants have failed and refused to state when they will complete their review of the submissions made by Mr. Zevallos pertaining to his designation reconsideration, and when, if ever, they will decide to rescind Mr. Zevallos' designation.

39.     Because Mr. Zevallos was a lawful permanent resident at the time of his designation and also continues to maintain substantial connections to the United States through his children, he is entitled to the protections of the laws and Constitution of the United States.

40.     OFAC's failures to address Mr. Zevallos' designation reconsideration are in direct violation of the Fifth Amendment, 31 C.F.R. §§ 501.802 and 501.807, and 5 U.S.C. § 555(e).

## CAUSES OF ACTION

## COUNT I – PROCEDURAL DUE PROCESS

41.     Plaintiff Mr. Zevallos re-alleges and fully incorporates by reference the allegations in paragraphs 1-40 above.

42.     The Foreign Narcotics Kingpin Designation Act designation deprives Mr. Zevallos of his property, liberty, and reputation.

43.     Prior to the designation, Mr. Zevallos received no notice from the President or OFAC of his proposed designation as a Significant Foreign Narcotics Trafficker and was afforded no opportunity to be heard or otherwise contest the proposed designation.

44.     The Defendants have deprived, and continue to deprive, Mr. Zevallos of his property, liberty, and reputation without due process in contravention of the Fifth Amendment of the United States Constitution.

## COUNT II – SUBSTANTIVE DUE PROCESS

45.     Plaintiff Mr. Zevallos re-alleges and fully incorporates by reference the allegations in paragraphs 1-40 above.

46.     The Foreign Narcotics Kingpin Designation Act was enacted because Congress found that there is a "national emergency resulting from the activities of international narcotics traffickers and their organizations that threatens the national security, foreign policy, and economy of the United States."  21 U.S.C. § 1901.  The Foreign Narcotics Kingpin Designation Act is codified at 21 U.S.C. §§ 1901-1908 and 31 C.F.R. §§ 500.501-501.508.

47.     The Foreign Narcotics Kingpin Designation Act provides definitions and defines "foreign person" as "any citizen or national of a foreign state or entity not organized under the laws of the United States, but does not include a foreign state."  21 U.S.C. § 1907.

48.     The Foreign Narcotics Kingpin Designation Act defines a "significant foreign narcotics trafficker" as "any foreign person that plays a significant role in international narcotics trafficking" as determined by, and publicly identified by, the President.   Under the Act, at 21 U.S.C. § 1901(a)(4) and (b), a Significant Foreign Narcotics Trafficker also must threaten the national security, foreign policy, and economy of the United States.

49.     Mr. Zevallos did not satisfy the definition of a "Significant Foreign Narcotics Trafficker" at the time of his designation.  He was a lawful U.S. permanent resident at the time of his designation.  Further, Mr. Zevallos did not play a significant role in international narcotics trafficking at the time of his designation and does not do so now.  Although he is currently incarcerated in Peruvian prison, Mr. Zevallos has contested the charges against him and believes his conviction is unlawful.  At the time of his designation, Mr. Zevallos was engaged in lawful business activity in the U.S., and continues to maintain strong ties to the U.S. through his children.  Thus, he was not, and is not, a threat to the national security, foreign policy, and economy of the United States.

50.     The designation of Mr. Zevallos was intended to avoid the heightened legal requirements for criminal charges against U.S. persons, and deliberately flouted the law in a manner that harms Mr. Zevallos' significant personal and property rights.

51.     The Defendants have violated and continue to violate Mr. Zevallos' rights afforded him by the Fifth Amendment's substantive due process protections.

### COUNT III – TAKING OF PROPERTY

52.     Plaintiff Mr. Zevallos re-alleges and fully incorporates by reference the allegations in paragraphs 1-51 above.

53.     The Fifth Amendment of the United States Constitution prohibits the taking of private property for public use without just compensation.

54.     The designation completely deprives Mr. Zevallos of all economically beneficial use of his property and assets without just compensation.

55.     OFAC's failure to act constitutes a constructive denial of Mr. Zevallos' requests for removal from the SDN List, or in the alternative, Mr. Zevallos' requests for information necessary in order for OFAC to render a written decision.  A constructive denial is a final agency action.

56.     The final agency action taken by the Defendants has violated and continues to violate Mr. Zevallos' rights afforded him by the Fifth Amendment takings clause.

## COUNT IV – UNREASONABLE DELAY UNDER THE APA

57.     Plaintiff Mr. Zevallos re-alleges and fully incorporates by reference the allegations in paragraphs 1-56 above.

58.     A "blocked person" is defined as a "person blocked under the provisions of any part of this chapter, including a specially designated national, specially designated terrorist, or specially designated narcotics trafficker . . ." 31 C.F.R. § 807.

59.     31 C.F.R. § 501.807 provides that a blocked person may seek administrative reconsideration of his designation and thus seek to have the designation rescinded pursuant to following certain administrative procedures.

60.     In seeking administrative reconsideration, blocked persons may submit to OFAC in writing "arguments or evidence that the person establishes that insufficient basis exists for designation." 31 C.F.R. § 501.807(a).

61.     Blocked persons seeking unblocking ". . . may also request a meeting with the Office of Foreign Assets Control . . ." 31 C.F.R. § 501.807(c).

62.     31 C.F.R. § 501.807(d) provides that, after the Office of Foreign Assets Control has conducted review of the request for reconsideration, "it will provide a written decision to the blocked person . . . ."

63.     31 C.F.R. § 501.802 further provides that the "Office of Foreign Assets Control will advise each applicant of the decision respecting filed applications."

64.     5 U.S.C. § 555(e) requires that prompt notice be given of the denial in whole or in part of a written application, petition, or other request of an interested person made in connection with an agency proceeding.  Except in affirming a prior denial or when the denial is self-explanatory, the notice shall be accompanied by a brief statement of the grounds for denial.

65.     5 U.S.C. § 706(1) provides that, to the extent necessary to the decision, and when presented, the reviewing court shall decide all relevant questions of law, interpret constitutional and statutory provisions, and determine the meaning or applicability of the terms of an agency action.  The reviewing court "shall compel agency action unlawfully withheld or unreasonably delayed." 5 U.S.C. § 706(1).

66.     The court may also hold unlawful and set aside agency action that, inter alia, is found to be: "arbitrary, capricious, abuse of discretion, or otherwise not in accordance with law," 5 U.S.C. § 706(2)(A); "in excess of statutory jurisdiction, authority, or limitations, or short of statutory right," 5 U.S.C. § 706(2)(C); or "without observance of procedure required by law," 5 U.S.C. § 706(2)(D).  "Agency action" includes, in relevant part, "an agency rule, order, license, sanction, relief, or the equivalent or denial thereof, or **failure to act.**" 5 U.S.C. § 551(13) (emphasis added).

67.     OFAC has violated, and continues to violate, 5 U.S.C. §§ 551, 555 and 706 by unlawfully withholding and unreasonably delaying for years with respect to the issuance of a written decision on the request of Mr. Zevallos to be removed from the SDN List, or in the alternative, specifying additional information necessary for OFAC to issue a decision with respect to Mr. Zevallos' status on the SDN List.

68.     OFAC has also failed to satisfy its statutory procedure required by law pursuant to 31 C.F.R. §§ 501.802 and 501.807 by unreasonably delaying and withholding a decision regarding Mr. Zevallos' request to be removed from the SDN List, or in the alternative, that OFAC specify additional information in order for OFAC to issue a decision with respect to Mr. Zevallos' status on the SDN List.  OFAC's failure to act is in direct violation of statutory provisions, and the only remedy of which is to seek judicial review.

69.     OFAC has not provided any explanation for the delay in failing to issue such a decision and/or taking any action whatsoever in past eight (8) years.  The passive response by OFAC over such a significant amount of time is an unlawful, unreasonable agency action and a clear abuse of discretion.

## COUNT V – CONSTRUCTIVE DENIAL UNDER THE APA

70.     Plaintiff Mr. Zevallos re-alleges and fully incorporates by reference the allegations in paragraphs 1-69 above.

71.     OFAC's continued silence and failure to act constitutes a constructive denial of Mr. Zevallos' requests for removal from the SDN List, or in the alternative, Mr. Zevallos' requests for information necessary in order for OFAC to render a written decision.

72.     Indeed, "when administrative inaction has precisely the same impact on the rights of the parties as denial of relief, an agency cannot preclude judicial review by casting its decision in the

form of inaction rather than in the form of an order denying relief." *Sierra Club v. Thomas*, 828 F.2d 783, 793 (D.C. Cir. 1987).  This is true because "agency inaction may represent effectively final agency action that the agency has not frankly acknowledged." *Id*.  As a response to agency inaction, the reviewing court can "undertake review as though the agency had denied the requested relief and can order an agency to either act or provide a reasoned explanation for its failure to act." *Id*.

73.     OFAC's failure to act over the past eight (8) years constitutes a constructive denial of Mr. Zevallos' requests to the agency.  The inaction, and in effect, denial of Mr. Zevallos' repeated attempts to seek administrative relief constitutes an abuse of discretion which should be deemed unlawful.  Further, the constructive denial provides this Court with the basis to order OFAC to either act or provide a reasonable explanation for its failure to act.

74.     Mandamus is an appropriate remedy wherever a party demonstrates a clear right to have an action performed by the government official who refuses to act.  Mr. Zevallos has exhausted all administrative remedies and has no adequate mean to obtain the relief requested.  Mr. Zevallos has "no other adequate means to attain the relief [he] desperately need[s]." *Allied Chemical Corp. v. Daiflon, Inc.*, 449 U.S. 33, 35 (1980).  Mr. Zevallos' right to issuance of the writ is therefore "clear and indisputable."

## RELIEF REQUESTED

WHEREFORE, Plaintiff Fernando Zevallos Gonzalez demands all relief that is just and proper, including entry of a judgment from this Court:

a.  Declaring and/or ordering OFAC to issue a written decision (or, in the alternative, grant Plaintiff a hearing) within 30 days regarding Plaintiff's request: 1) That his named be

removed from the SDN List; or 2) that OFAC specify additional information in order

for OFAC to issue a decision with respect to Plaintiff's status on the SDN List.

b. Awarding Plaintiff his attorney's fees and costs; and

c. Awarding Plaintiff such other and further relief as the Court deems just and proper.


Dated: March 25, 2013


Respectfully submitted,

Erich C. Ferrari, Esq.
Ferrari & Associates, P.C.
1455 Pennsylvania Ave., NW
Suite 400
Washington, DC 20004
Telephone: (202) 280-6370
Fax: (877) 448-4885
Email: Ferrari@ferrariassociatespc.com